MONAHAN, Administratrix, Respondent, vs. NORTHWESTERN CONTRACTING COMPANY, Appellant.

*March 22 — April 11, 1893.*

*Death caused by negligence: Pleading: Definiteness: Discretion.*

In an action for the negligent killing of plaintiff's intestate by permitting a heavy timber to drop on his head from the roof of a building which defendant was erecting and upon which the deceased was at work, the complaint alleged the manner in which the deceased was exposed to the danger from timbers being hoisted to the roof, the place where he was directed to work, the defect of certain appliances used in hoisting the timbers, and the absence of others. In view of the fact that plaintiff could know nothing of the circumstances of the accident except through defendant's employees, and that defendant, by its agents and employees, was present and witnessed the accident, the denial of a motion that the complaint be made more definite and certain is *held* not an abuse of discretion.

APPEAL from the Circuit Court for *Rock* County.

The complaint alleges, in effect, that the defendant is a corporation, duly organized under the laws of Illinois, and doing business as such; that November 17, 1891, the plaint-

iff's intestate, Thomas Monahan, was in the employ of the defendant, and working under its direction in, upon, and about a building then being erected by the defendant in Beloit; that a portion of such work being done by said Thomas consisted of hoisting and elevating, or aiding to hoist and elevate, certain timbers from or near the ground beneath said building, to or near the roof thereof; that the defendant directed said Thomas to work in such a place and position as to expose him to great danger and peril, of which he was wholly ignorant, but which was well known to the defendant; that the danger consisted partly in permitting said Thomas to work directly under a place where said heavy timbers were being received at or near said roof and being placed in position thereon; that the defendant carelessly and negligently failed and neglected to place any proper guards, platform, or protection to or across the space where said timbers were being hoisted, but left the same unguarded and unprotected, and carelessly and negligently failed to provide proper and safe means for receiving said timbers when they arrived at or near said roof, and carelessly and negligently failed to inform said Thomas of the danger he was incurring, and carelessly and negligently failed to furnish to said Thomas proper apparatus and machinery with which to perform or assist in said hoisting or elevating of said timbers, and carelessly and negligently placed and located said apparatus and machinery so as to unnecessarily expose said Thomas to said danger; that said apparatus and machinery were defective and insufficient, in that the rope used for such hoisting was too short, and a portion of the hoisting apparatus, near which, owing to the shortness of said rope, said Thomas was obliged to work, was carelessly and negligently located directly, or almost directly, under the place where said timbers were received and placed in position on or near said roof; that while so engaged, and without fault or neglect on his part,

said Thomas was struck on the head and mortally injured by a heavy timber about two inches thick, eight inches wide, and ten feet long, which was by said defendant carelessly and negligently dropped or permitted to fall upon said Thomas from or near the roof of said building; that by reason of said injuries said Thomas died, November 17, 1891, leaving him surviving this plaintiff, as his widow, and two small children, all of whom were entirely dependent upon him for support; that the plaintiff, as such administratrix, was damaged in the sum of $10,000; that January 7, 1892, she was appointed such sole administratrix, and qualified as such. Judgment is demanded for the amount named.

The defendant moved for an order requiring the plaintiff to make said complaint more definite and certain in eight several particulars named therein, so that the same would show more particularly how said Thomas was exposed to such danger, and wherein the defendant failed to place proper guards, platform, and protection and safe means of receiving said timber, proper apparatus and machinery, and how the timber came to be dropped, etc. From the order overruling said motion the defendant appeals.

For the appellant there was a brief by *Fethers, Jeffris & Fifield,* and oral argument by *M. G. Jeffris.* They contended, *inter alia,* that the death of the intestate is not connected by the complaint with any of the specific acts of negligence alleged. The general allegation that his death was caused by his being struck on the head by a heavy timber which defendant "carelessly and negligently dropped or permitted to fall," is the only allegation which prevents the complaint from being demurrable; but it does not show in what such negligence consisted. The plaintiff must be able to give a more definite idea of how this timber was dropped. She must know, or can easily find out, who dropped it and whether he was an officer or a com-

Monahan vs. Northwestern Contracting Co.

mon employee of defendant, or a stranger for whose act the defendant would not be liable.

For the respondent there was a brief by *Doe & Sutherland,* and oral argument by *J. B. Doe.* They cited *Richardson v. C. & N. W. R. Co.* 58 Wis. 534; *Burnham v. Milwaukee,* 69 id. 379; *Cheney v. C., M. & N. R. Co.* 75 id. 223; *Fitts v. Waldeck,* 51 id. 567; *Lake v. Loyson,* 66 id. 424; *Young v. Lynch,* id. 514; *Carey v. C. & N. W. R. Co.* 67 id. 608; *Schneider v. Wis. Cent. Co.* 81 id. 356.

CASSODAY, J. As indicated in the foregoing statement, the complaint is not as definite and certain as it might have been. Certainly, it should not be regarded as a model. Had the trial court ordered it to be made more definite and certain, we probably would not have disturbed such order. Nevertheless, as will be observed from said statement, it does allege the manner in which the deceased was exposed to the danger, the place where he was directed to work, the defect of certain appliances, and the absence of others. In view of two apparent considerations we must hold that there was no abuse of discretion in making the order. One of these considerations is that from the nature of things the plaintiff could know nothing as to the circumstances attending the death of her husband, except information derived from the defendant's employees; and the other is that the defendant, by its agents and employees, was necessarily present at the time, and witnessed the accident. These facts call for a liberal construction of the complaint. *Schneider v. Wis. Cent. Co.* 81 Wis. 356; *Burnham v. Milwaukee,* 69 Wis. 379.

*By the Court.*— The order of the circuit court is affirmed.