96     APPELLATE COURT OF INDIANA,

Fletcher Bros. Co. v. Hyde—36 Ind. App. 96.

## FLETCHER BROTHERS COMPANY v. HYDE.

[No. 5,392.   Filed June 29, 1905.]

1. MASTER AND SERVANT. — *Failure to Warn Inexperienced Servant of Dangers.*—A failure of the master to warn an inexperienced servant of the dangers of an employment renders such master liable for injuries caused thereby, and this is true, though the danger be open and obvious, where the master knows such servant is unable, on account of inexperience, to appreciate the danger.   p. 102.

2. SAME.—*Works and Ways.—Dangers.*—The master is not absolved from liability because the appliances are in good order where the danger is not open and obvious, or not appreciated because of inexperience and the lack of instruction of the servant.   p. 103.

3. SAME.—*Works and Ways.—Assumption of Risk.—Knowledge.* —A master who, knowing the servant to be ignorant of the dangers of the employment, assures such servant of safety, is liable for injuries therein received.   p. 103.

4. PLEADING.—*Complaint.—Motion to Make Specific.—Master and Servant.—Failure to Warn.*—A complaint showing that the master ordered an inexperienced servant to do certain work known by the master to be dangerous; that such master failed to warn such servant of such dangers; that such master knew such servant did not appreciate the dangers thereof and that the master assured the servant there was no danger, states a cause of action and is sufficiently specific.   p. 104.

5. MASTER AND SERVANT.—*Failure to Warn.—Character of Work.*—In an action by the servant against his master for his negligent failure to warn such servant of dangers of the operation of letting down trusses in a building by means of ropes, pulleys, blocks and chains, it is not necessary to show that such work required special mechanical knowledge nor any skill different from that expected of a common laborer.   p. 104.

6. SAME.—*Anticipation of Dangers.—Inexperienced Servant.*—It is the master's duty to anticipate the probable dangers of the moving of an iron truss by mechanical appliances, and he is liable to an inexperienced servant engaged to assist therein with the assurance that there is no danger and who is injured in the performance of such work.   p. 104.

7. TRIAL.—*Instructions.—Master and Servant.—Inexperienced Servant.—Defects in Works and Ways.*—Where the theory of the complaint is negligence of the master in failing to instruct

and in assuring an inexperienced servant of the safety of a dangerous place, it is reversible error to instruct the jury that the master is liable for defects in the works, ways and machinery, if such defects were not open and obvious to an ordinary person.   p. 105.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by John E. Hyde against Fletcher Brothers Company.   From a judgment on a verdict for plaintiff for $1,800, defendant appeals.   *Reversed.*

*Kittinger & Diven,* for appellant.
*Bagot & Bagot* and *Ellison & Ellis,* for appellee.

BLACK, J.—The appellee's complaint against the appellant consisted of three paragraphs, but the court instructed the jury that they need not give the first or second paragraphs consideration.

In the third paragraph it was alleged, after introductory matter, that in January, 1900, the appellant was building a large stone and brick building in the city of Anderson, known as the "new Christian church;" that in the construction thereof it became necessary to move from the street and place in the building trusses more than forty feet long and eight feet wide, framed and consisting of iron beams, plates and crossbars, and each of many tons weight; that January 23, 1900, the appellant employed the appellee to work for the appellant in the construction of this building, and on the next day the appellant ordered and put the appellee to work in assisting in bringing the trusses into the building from the street and putting them in position in the building; that a part of this work consisted in sliding one of the trusses through a large opening in the east wall of the building from the street to the inside of the building, standing it in an east-and-west direction on the floor of the building in an upright position, resting upon its edge, and then by means of ropes, blocks, pulleys, chains, crowbars, props and windlass easing or letting down the truss toward

98 APPELLATE COURT OF INDIANA,

Fletcher Bros. Co. v. Hyde—36 Ind. App. 96.

the south from its upright position, so that it would lie upon its side on the floor; that, in the work of so lowering or letting down the truss upon its side, the appellant attached a rope to the truss near the center of the top thereof, carried the rope back to the north and east, allowing the rope to angle from the truss in a northeast direction, and passed the rope through a block or loop attached to an I-beam in the northeast corner of the building, and then attached the end of the rope to a windlass in the south part of the building, south of the truss; that the only support the appellant had for the truss in so letting it down consisted of this rope and windlass and a small wooden prop used for such purpose by the appellant; that by means of the windlass and the wooden prop under the top of the truss the appellant attempted to let the truss down upon its side as aforesaid, and before starting to do so the appellant placed one end of a crowbar under the east end of the truss on the opposite side from the windlass—the north side— and between the truss and a large brick column forming a part of the building, which stood three or four feet north of the truss and near the east end thereof; that the brick column contained, on the south side thereof, a small niche or recess, and the appellant then and there ordered and directed the appellee to stand against the brick column, and within the niche or recess, and to hold the upper end of the crowbar while the truss was being let down; that the rope, pulley, I-beam and windlass were so placed by the appellant that the rope left the truss at an acute angle toward the east end thereof, and the crowbar was so placed by the appellant under the truss and the prop was so placed and handled by the appellant that when the truss left the perpendicular in its descent the great weight of the truss upon the rope was likely, by reason of the angle of the rope with the truss, to cause the bottom of the east end of the truss to kick up and the truss to slip or slide toward the east and north, in the direction of the rope and toward the appel-

lee, and to wrench and throw down the prop, and to wrench the crowbar out of the appellee's hands, thus allowing the truss to fall, and catch, crush and injure the appellee; that by reason of the facts aforesaid the place where the appellant so ordered and directed the appellee to work was a very dangerous and hazardous one, and the work at which the appellee was thus put by the appellant was very dangerous and hazardous to a person who was inexperienced in said work, and who was uninstructed in the proper method and manner of doing the same; that said danger was not apparent to appellee, and was of such a character that it would only be discovered or detected by a person of experience in that line of employment, or by instruction from some one having knowledge thereof; that to perform the work safely it was necessary that a person have sufficient experience and skill in the work to know and appreciate the weight of the truss, the capacity of the windlass and those operating it, "the character and extent of the bearings upon said rope and windlass, the effect upon said truss, and its action in being lowered, the effect of the rope's being attached at an angle as aforesaid, and also the resistance of said truss against said crowbar and the strength and leverage of said windlass"—all of which facts were known to the appellant and unknown to the appellee, as the appellant well knew; that a part of the work and the danger thereof in the manner in which it was done by the appellant was not ordinary and simple labor, but was intricate and complicated, in that it consisted in moving, raising and lowering great weights by mechanical devices and machinery, the power and strength, capacity and tendencies, of which, and the manner of operating and controlling, were not open, plain or apparent, but could only be learned by experience in the use thereof, or by instructions as to the proper manner of using the same, and as to the power, capacity and tendencies thereof; that the appellee was wholly unacquainted with the power, strength and capacity of said ma-

chinery and the tendencies thereof, and with the proper manner of safely operating the same, and with the manner in which to do the work properly and safely with said machinery and devices, and with the power and capacity and tendencies of said machinery and appliances, which facts were to the appellant well known; that to perform the work without great hazard and danger to the appellee required that a person in the place where he was so ordered and directed to work be experienced in the work and in the manner of doing it, or be fully instructed how safely to do the work, and also be apprised of said danger and fully instructed how to avoid it—all of which was well known to the appellant and wholly unknown to the appellee at that time; that at the same time he was wholly without experience in the work, he had never before performed the same or similar work, and was wholly unacquainted with and had no knowledge of the danger and hazard attending the work or the means or ways of escaping the same, and had no notice or knowledge that his said position was one of great danger— of all of which facts appellant then and there had full notice and knowledge, and should have notified the appellee of all of them, and none of them were apparent to an inexperienced and uninstructed person; that if appellee had been instructed as to the manner of applying the machinery and appliances and their effect on the truss and the dangers thereof, he would not have assumed said position; that, notwithstanding all said facts, and the appellant's notice and knowledge thereof, the appellant carelessly and negligently failed and neglected to give the appellee any notice or warning of said danger, or in any way to apprise him thereof, nor did the appellant at any time give the appellee any instructions concerning said danger and the means and way to avoid the same; but when the appellant so placed the appellee in said place and at said work it carelessly and negligently told him and assured him that it was a safe place, and that there was no danger in said place, and that the

work and place were unattended with any danger whatever; that the appellee relied upon said statements of appellant that the place and work were free from danger, and believed said statements to be true, and assumed the place and the duties thereof relying upon said assurance of the appellant that it was safe; that the appellee was then and there placed and required by the appellant to remain in the niche, and remained therein at all times thereafter until he was injured as hereinafter stated; that when the truss, in its descent, had reached an angle of about forty-five degrees from the perpendicular, by reason of the great weight thereof and of said pressure and draft toward the east and north made by the angle in the rope, and by reason of the manner in which said machinery and appliances were arranged by the appellant as aforesaid, the truss suddenly slipped toward the east and the north, and the east end thereof suddenly kicked up, and, without warning, swung around to the east and north, catching the appellee beneath and throwing the crowbar out of his grasp, and falling upon the appellee's left leg, broke, crushed and mangled the same, totally and permanently disabling the appellee; that appellee's said injury was brought about wholly and solely by reason of the carelessness and negligence of the appellant in failing to notify the appellee of the danger attending his position and the work required of him, and in carelessly and negligently telling him and assuring him that the place where the appellant had required him to work and the work itself were free from danger, and in failing and neglecting to give him any instructions and directions as to said danger and hazard and how to avoid and escape the same; that by reason of said injury the appellee has been put to great expense, etc. A demurrer for want of sufficient facts addressed to this paragraph was overruled.

It does not appear that the work was not work of the kind which the appellee was employed to do. The pleading does

not ascribe negligence in providing insufficient or defective appliances, or in the manner of using the appliances, or in the doing of the work in the prosecution of which the appellee was injured; but it is shown that the doing of the work in the manner described was dangerous to the appellee, and the causes of the danger are stated. It does not distinctly appear that his injury was occasioned by his doing anything unskilfully, or in any manner other than that in which a skilful person would have acted in a like dangerous situation.

Seeking a consistent theory, and confining the pleader thereto, it would seem that the complaint proceeds upon the ground that the employer placed the employe in a particular position, and assigned him certain work there in cooperation with other persons doing their portion of the work elsewhere; that to occupy the position and perform the work assigned to him was dangerous for the employe, as described; that he was ignorant and uninstructed as to the danger; that the employer, knowing the danger, and knowing that the employe was ignorant and uninstructed concerning it, not merely negligently failed to instruct or warn him of the danger, but negligently told him and assured him that the place where he was so placed and the work to be done by him there were safe, on which assurance the employe relied, and he was injured while so pursuing his employment, as might have been anticipated by the employer so acquainted with the danger and with the employe's ignorance and inexperience.

It is a general rule that the employe assumes the risk of injury in doing work within his contract of employment which exposes him to danger known to him or obvious to a person of ordinary intelligence in like circumstances; but if the employer knows, or ought to know, that the employment is dangerous, and knows that the employe is inexperienced in the employment and igno-

Fletcher Bros. Co. *v.* Hyde—36 Ind. App. 96.

rant of the danger, it is the imperative duty of the employer to warn the employe of the danger, and to instruct him how to avoid it; and if injury results to the employe through the failure of the employer to perform such duty, without contributory fault of the employe, the employer is liable therefor. This duty is incumbent upon the employer though the danger be open to observation, if the employer knows that the employe, because of his inexperience or other cause, is unable, without warning and instruction, to understand the risk and to avoid the danger. *Atlas Engine Works* v. *Randall* (1885), 100 Ind. 293, 296, 50 Am. Rep. 798; *Hawkins* v. *Johnson* (1886), 105 Ind. 29, 55 Am. Rep. 169; *Louisville, etc., R. Co.* v. *Frawley* (1887), 110 Ind. 18; *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 7 Am. St. 432; *Salem Stone, etc., Co.* v. *Griffin* (1894), 139 Ind. 141; *Republic Iron & Steel Co.* v. *Ohler* (1903), 161 Ind. 393, 402.

The master is not necessarily relieved of the duty to warn and instruct the servant by the mere fact that the appliance from which the danger arises is in perfect working order, if the danger be not open and obvious. *May & Co.* v. *Smith* (1893), 92 Ga. 95, 18 S. E. 360, 44 Am. St. 84. It is manifest that danger might be obvious to an experienced and instructed employe which would not be appreciated by an employe who, because of inexperience and want of instruction, does not understand the effect which will be produced by the application of the means employed, though before the commencement of the work they be open before his eyes.

If the master, having knowledge of the danger of which he knows the servant is ignorant, by his conduct and words gives the servant assurance of safety, so that he feels secure, and in consequence thereof he is injured, the master is answerable. *Hoffman* v. *Dickinson* (1888), 31 W. Va. 142, 6 S. E. 53.

The third paragraph of complaint was not insufficient. Before the filing of the demurrer to this paragraph the appellant moved to require the appellee to make it more specific in sixteen particulars separately stated in the motion. The court sustained this motion in part and in part overruled it, and the appellee accordingly inserted in the complaint certain amendments which appear in the complaint, which is, in substance, above set out. We have carefully examined the motion to make more specific, and we do not think there was available error in the action of the court upon the motion, or upon a motion made by the appellant to require the appellee to comply more fully with the order to make the paragraph more specific. The complaint is sufficiently specific upon the theory above suggested to put the appellant to its answer.

With their general verdict against the appellant the jury returned answers to interrogatories, and the court overruled the appellant's motion for judgment in its favor upon the interrogatories and the answers thereto by the jury, notwithstanding the general verdict. The court also overruled a motion of the appellant for a new trial.

It was not necessary, in order to entitle the appellee to recover under the third paragraph of the complaint, as above construed, that it should be made to appear that the work in which he was engaged when injured was work requiring any special mechanical knowledge, or any skill other than that required or to be expected of a common laborer.

It was the duty of the appellant to anticipate the probable tendency and effect of the application of the force provided by it for the moving of the iron truss; and if all the materials and appliances were in view of the appellee, and he could see the operation being performed, yet, under the conditions and circumstances of his case, as stated in the third paragraph of complaint,

we cannot say that he was bound, as between him and the appellant, to apprehend injury after the positive assurance of safety.

If the jury found under the evidence that the work of the appellee in the situation in which he was placed by the appellant to do it was dangerous, as described in the complaint, and that the appellee was inexperienced, and, without any fault on his part, ignorant of the danger, and that these facts were known to the appellant, and that it assured the appellee of his safety, and thereby induced. him to occupy the place and to do the assigned work there, whereby he was injured, the appellant would be responsible. It was the duty of the appellant not to assure the appellee of safety when it knew there was danger which the appellee could not appreciate, as alleged in the complaint.

The court in its sixth instruction told the jury that if they found that there were in the tools, machinery and appliances with which the appellee was required to 7. perform the appellant's service ·dangerous defects and imperfections of which the appellee did not know, and which were not open to ordinary observation, and which the appellee could not learn by the use of ordinary care and the ordinary use of his senses, then the appellee would not be charged with notice of such defects, if any existed; while, on the other hand, if the appellant could have learned of such dangers, defects or imperfections, if any existed, by reasonable and ordinary care, then it would be charged with full notice thereof to the same extent as if it had actual notice of the same.

This instruction presented for the consideration of the jury matter not within the issue on trial under the third paragraph of the complaint, to which, by other instructions, the court limited the jury. If we could say with confidence that the jury based its general verdict solely upon the third paragraph, we might conclude that such instruction was not injurious; but our attention is called to

certain special findings in answer to interrogatories which indicate that the evidence related to some extent to matters to which this instruction pointed. Thus it was specially found that the crab, or windlass, that was used in lowering the truss was not strong enough to do the work for which it was assigned; that the dog, or ratchet, slipped or failed to work properly; that the windlass, or crab, got away from and out of the control of Canter (an employe operating the windlass) when the truss was being lowered, when the truss slipped as the prop was taken out, and that the sudden jerk on the rope caused the windlass to get away from his control. Thus it appears that the court submitted interrogatories requiring special findings concerning matters not within the third paragraph of complaint, and instructed the jury concerning like matters, while it withdrew all other paragraphs of complaint from the issues on trial.

The impression that the case was not tried and determined upon a consistent theory of a cause of action is so strong that justice seems to require another trial.

The judgment is reversed, and the cause is remanded with instructions to grant a new trial, and to give leave, if asked, to amend the complaint.