ARVID HENDRICKSON, Appellant, v. UNITED STATES GYPSUM COMPANY, Appellee.

**Master and servant:** SAFE PLACE TO WORK: DELEGATION OF DUTY TO WARN. In the operation of a mine it is a duty of the master to warn employés of an expected explosion in blasting, and this duty cannot be so delegated to a fellow servant as to relieve the master of liability for the neglect of the person to whom the delegation is made.

*Appeal from Webster District Court.*— HON. J. H. RICHARD, Judge.

THURSDAY, JANUARY 17, 1907.

ACTION at law to recover damages for injuries received by plaintiff while working in defendant's mine due to the explosion of a blast of powder without warning. At the conclusion of plaintiff's evidence, the trial court, upon defendant's motion, directed a verdict for it, and plaintiff appeals.— *Reversed.*

*William T. Chantland* and *Mitchell & Hackler,* for appellant.

*Carr, Parker, Hewitt, & Wright,* and *Healy Bros. & Kelleher,* for appellee.

DEEMER, J.— Defendant operates a gypsum mine in Webster county, and at the time in question was mining out a strata which was about seventy feet below the surface of the ground. From the foot of the main shaft, one or more entries extended out into this strata, and from such entries rooms were cut on either side from which the gypsum was taken. For some time prior to the day upon which plaintiff received his injuries, the work was being done by blasting in the use of giant powder or other high explosives; the rock or gypsum blown down being gathered up and removed from the rooms to the surface. The blasting was in charge of two of defendant's employés and several charges were fired each day. Plaintiff and another employé were engaged in cleaning up the rock and other material broken down by the blast. It was the custom of the men in charge of the blasting, when ready to fire a shot, to cry "fire" as a warning to the other employés that they might retire to a place of safety. On the day in question it was known to the plaintiff and his co-employé that a shot was to be fired in the room adjoining the one in which they were working, and, according to plaintiff's testimony, they were waiting to hear the accustomed signal in order to retire to a place of safety, but, for some reason, the signal was not given by the men in charge of the blasting, and the shot was fired, resulting in a piece of rock striking plaintiff on the head and producing the injuries of which he complains.

The motion to direct a verdict was sustained upon two grounds: (1) That the negligence was not of defendant, but that of a fellow servant for which defendant was not responsible; and (2) that plaintiff assumed the risk incident

to his employment, to wit, the discharge of blasts in the mine, without warning. It must be conceded that, if defendant is held negligent for failure to give warning or in seeing to it that proper warnings were given, the doctrine of assumption of risk does not apply, for it was not a matter incident to the work, nor was there any knowledge upon the part of plaintiff that defendant had failed to provide a man whose duty it was to give warning or that any blasts had theretofore been made without giving the warning. So that the sole question of law in the case is this, was defendant negligent in not providing some one to give warning, or was the negligence of defendant's employés in not giving the accustomed signal attributable to it? Upon these propositions, as applied to the facts of the case, the authorities are in hopeless conflict and confusion. In addition to the statement already made, it further appeared that there was a foreman in the mine at the time the accident occurred, but that he never had given, and did not then give, any signals with reference to the discharge of explosives. He, however, directed plaintiff and his co-employé as to where they should work, and they had nothing to do with the blasting. It is, of course, a masterial duty to provide employés a safe place to work, and this duty is one which cannot be delegated in such a way as to release the master from responsibility for failure to perform it. But the question here is, does this duty extend so far as to give servants warning of the discharge of explosives which are likely to injure them while in the prosecution of the work for which they are employed? The Supreme Courts of California, Ohio, and Pennsylvania, and perhaps some other States, seem to answer this latter interrogation in the negative, while in Missouri, New Jersey, Washington, and perhaps some other States, the contrary doctrine prevails. See White on Personal Injuries in Mines, section 367. The rule in the latter States is that, where it is the custom to give employés warning before a blast is set off, failure to give such warning will constitute actionable

negligence if an injury results therefrom to an employé who relied upon such warning. This is upon the theory that a master is not only under a duty to furnish a safe place to work, but to the exercise of reasonable care that the place where he sets his men to work shall be kept safe. This is held to contemplate the giving of timely warning where highly dangerous explosives are used, and are to be discharged in the doing of the work. As said by the New Jersey court in *Belleville Stone Co. v. Mooney,* 60 N. J. Law 323 (38 Atl. 835, 39 L. R. A. 834): "In selecting the person who was to fire the blast as the person to give the warning, the defendant probably chose the man best able to perform the duty, but as defendant's responsibility extended beyond the selection of an agent, and included the warning itself, it must answer for negligence in the giving of warning, no matter how fit was the chosen agent." It is further suggested in that case that the giving of warning bore no direct relation to the work in preparing and firing the blast, that the object of the work was the removal of rock, and that such object would be obtained as well without the warning as with it, leaving out of consideration the safety of the workman. Pursuing this line of argument, it was held that the duty to give warning of the explosion was masterial in character and not in any sense subservient to the blasting of the rock. This seems to be sound doctrine — indeed, it seems to announce with great clearness principles which we have already established in prior cases coming before us. See *Martin v. Des Moines Light Co.,* 131 Iowa, 724; *Beresford v. Am. Coal Co.,* 124 Iowa, 34; *Wahlquist v. Maple Grove Co.,* 116 Iowa, 720; *Lanza v. Quarry Co.,* 124 Iowa, 659. See, also, *Borgerson v. Cook Stone Co.,* 91 Minn., 91 (97 N. W. 734).

The true test, as we understand it, whereby to determine whether the master is responsible for the act of his servant is to find out whether the person in question is employed to do any of the duties of the master. If this be the test, then

we are brought down to the crux of this case at once.   Was
it a masterial duty to see that warning was given before
blasts were fired in the mine in order to make or keep the
place a safe one in which to work?   We think it was.   This
warning was for the benefit of employés in order to make the
place in which they were working a safe one.   It was not an
incident to the blasting, but the performance of an entirely
different duty, to wit, a duty which the master owed his
employés and he could not so delegate this work as to relieve
himself of the negligent conduct of the person to whom that
delegation was made.   Had defendant set men to work in
this mine without establishing some system of warning, and
they or some of them without knowledge of that fact, were
injured by the firing of a blast, we apprehend no one would
contend that defendant was not liable.   If this be true, then
the duty of giving warning is a masterial one, which cannot
be so delegated as to relieve the master of responsibility.
And, as we have already said, if the master has undertaken
to give warning before a blast is set off, failure to give such
warning will constitute actionable negligence as to one who
is injured by reason or failure to give it.   None of the cases
from this court cited and relied upon by appellee announce
a different rule from the one above stated.   Indeed, our de-
cisions already cited, to which we may add *Mosgrove v. Zim-
bleman,* 110 Iowa, 171; *Fink v. Ice Co.,* 84 Iowa, 322;
*Brann v. Railroad,* 53 Iowa, 595; *Haworth v. Mfg. Co.,*
87 Iowa, 766, support the principles which we adopt for the
determination of this case.

It must at all times be remembered that defendant was
using a highly dangerous explosive in its mine, and that, by
reason thereof, the place was unsafe unless proper rules
were made for the handling thereof, and proper warnings
given of the blasts.   In this respect, the case differs from
many of those cited by appellee's counsel.   The following
cases lend support to our conclusions:   *Quincy Mining Co.
v. Kitts,* 42 Mich. 34 (3 N. W. 240); *Van Dusen v. Letel-*

*lier,* 78 Mich. 492 (44 N. W. 572); *Louisville Co. v. Lowe,* 118 Ky. 260 (80 S. W. 768, 65 L. R. A. 122); *Evansville Co v. Holcomb,* 9 Ind. App. 198 (36 N. E. 39); *Wheeler v. Wason Mfg. Co.,* 135 Mass. 294; *Gerrish v. New Haven Co.,* 63 Conn. 9 (27 Atl. 235).

Upon the whole record, we are constrained to hold that the trial court was in error in directing a verdict, and that the case should have been submitted to the jury. The judgment must therefore be, and it is, *reversed.*

BISHOP, J.— I dissent.