VANDALIA RAILROAD COMPANY *v.* HOLLAND.

[No. 22,333. Filed April 20, 1915. Rehearing denied June 24, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Instructions.*—In an action by a railroad employe, where the complaint disclosed that plaintiff's working place was on the top of a cut of cars that were being pushed by a switch engine and that while attempting to walk from the fifth to the sixth car, the sixth car parted from the fifth, causing him to fall and receive his injuries, and charged negligence in that the automatic coupler was defective and in the manner of operating the cars with such defective coupler, an instruction advising the jury

Vandalia R. Co. *v.* Holland—183 Ind. 438.

that it was the duty of a master to furnish his servant a reasonably safe place in which to do his work was within the issues and properly given. p. 441.

2. MASTER AND SERVANT.—*Duty of Master.—Liability for Injuries.* —Where a railroad employe's working place was on top of a cut of cars that were in motion, it was the duty of the railroad company to exercise reasonable care to make and keep such working place free from unusual dangers, and if, through its negligence, the employe was exposed to extra hazardous dangers not ordinarily incident to his employment which, without fault on his part, proximately contributed to his injury, the company must respond in damages. p. 441.

3. MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Instructions.*—In a railroad employe's action for injuries alleged to have resulted from negligence in the use of a defective automatic coupler, an instruction that if defendant knew or could have known of such defective condition in time to have notified plaintiff, and failed to do so, the jury might find defendant guilty of negligence, was not harmful, even if failing to limit defendant's duty to the exercise of ordinary care in such matter, in view of repeated statements in other instructions to the effect that defendant was not an insurer of the safety of its employes and that its duty was measured by the standard of ordinary care. p. 441.

4. APPEAL.—*Review.—Instructions.*—The giving of an instruction in the exact language of one tendered by appellant and given is not available ground for reversal. p. 442.

5. APPEAL.—*Review.—Refusal of Instructions.*—There is no error in the refusal of instructions which, in so far as they state the law correctly, are covered by other instructions given. p. 442.

6. APPEAL.— *Review.— Questions of Fact.— Verdict.— Conclusiveness.*—The questions presented by defendant's contention on evidence which was conflicting, that plaintiff's injuries resulted from hazards ordinarily incident to the work in which he was engaged, and by his own failure to exercise proper care, are questions of fact, and having been properly submitted to the jury, its verdict is conclusive. p. 442.

7. MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Liability under Federal Employer's Liability Act.*—In a railroad employe's action for injuries sustained while switching cars, where the evidence showed that the crew to which he belonged was engaged in handling cars that came from all parts of the country and were made up into trains that went to all parts of the country, etc., plaintiff and defendant were engaged in interstate commerce so as to bring the action within the Federal Employer's Liability Act. p. 443.

From Marion Circuit Court (20,625) ; *Charles Remster,* Judge.

Action by John A. Holland against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pickens & Pickens* and *John G. Williams,* for appellant.
*Wymond J. Beckett,* for appellee.

SPENCER, J.—This is an action by appellee against appellant under the Federal Employer's Liability Act to recover damages for personal injuries sustained by appellee while in the employ of appellant as a switchman. Verdict and judgment in favor of appellee. The sole error assigned and relied on for reversal in this appeal challenges the action of the lower court in overruling appellant's motion for a new trial.

At the time of the injury the switching crew of which appellee was a member was engaged in switching cars on appellant's tracks, a short distance west of the union station in the city of Indianapolis. Appellee was on top of the fifth car from the engine of a cut of six cars which was being pushed westwardly by said engine. He was walking over said fifth car toward the west end of the cut when the sixth car separated from the one he was on and he fell between the cars to the ground, receiving the injuries of which he complains. Three acts of negligence are charged in the complaint: (1) that the automatic couplers between the cars which separated were defective in this, that the locks and pins of said couplers were out of condition and worn and bent so that said couplers would not hold; that said couplers would come together and lock and couple, but that when the weight of said car came upon said coupling, the jaws would open out and permit said couplers to come uncoupled; (2) that the engineer and conductor in charge of said cut of cars negligently backed the same at a high and dangerous rate of speed, to wit, from ten to twelve miles

an hour; and (3) that while so backing said cars at said high and dangerous rate of speed said engineer and conductor, without warning or notice to appellee that they were going to stop said cut of cars, did stop the same negligently and with great suddenness, thereby causing the last car, by reason of its great momentum, suddenly to leave and run away from the car on which appellee was riding and from which he was in the act of stepping to said last car.

Instruction No. 11, given by the court of its own motion, told the jury that it was the duty of a master to furnish his servant with a reasonably safe place in which to do his work. No contention is made that the instruction is erroneous as an abstract statement of law but it is insisted that the pleadings presented no issue as to "safe place" and that the instruction was therefore inapplicable and misleading. Appellee's working place was on top of the cut of cars and it was appellant's duty to exercise reasonable care to make and keep that working place free from unusual dangers. If, through the negligence of appellant, appellee was exposed to dangers extra hazardous and not ordinarily incident to his employment which, without fault on the part of appellee, proximately contributed to the injuries of which he complains, appellant may then be said to have rendered appellee's working place unsafe and must respond to him in damages. The complaint before us is fairly open to the construction that it is predicated on negligence thus tending to render appellee's working place unsafe and we hold the instruction to be within the issues. *Consolidated Stone Co.* v. *Ellis* (1910), 46 Ind. App. 80, 85; 4 Thompson, Negligence §§3873, 3874, and cases cited.

Instruction No. 16 given by the court told the jury, in part, that "if you further find that the defendant knew, or could have known of said defects in said coupler, if the same was defective, in time to have repaired the same or notified the plaintiff of its said defective con-

dition, and failed to do so'', it might find appellant guilty of negligence. It is contended that this instruction virtually made appellant an insurer as to the safety of the coupler. Assuming that the instruction might properly have limited appellant's duty to the exercise of ordinary care in the matters indicated, we cannot agree that appellant was harmed for the reason that the modification was repeatedly made in other instructions given. For instance, instruction No. 11 given by the court of its own motion told the jury that appellant's duty toward appellee was ''measured by the standard of ordinary care'', while other instructions expressly stated that appellant was not an insurer of the safety of its employes. But see *Indiana Union Traction Co.* v. *Abrams* (1913), 180 Ind. 54, 61. Considering the charge as a whole, we can not say that the omission of a modifying phrase from instruction No. 16 constitutes reversible error. *American Car, etc., Co.* v. *Adams* (1912), 178 Ind. 607, 616, and cases cited. Instruction No. 17 given by the court

4. of its own motion and now criticised by appellant is in the exact language of instruction No. 11 tendered by appellant and also given by the court.

We have carefully examined instructions Nos. 7, 10, 15 and 16 tendered by appellant and refused. So far as they correctly stated the law applicable to the issues they

5. were covered by other instructions given and we see no error in their refusal. Instructions Nos. 10 and 16, thus refused, entirely ignored the charge in appellee's complaint that the negligence complained of not only caused the cars to separate but produced a sudden and unusual separation of which appellee had no notice or warning.

Finally, it is insisted that the verdict is not sustained by sufficient evidence and is contrary to law for the following reasons: (1) that the evidence does not show that appellee's injuries were sustained while the parties were

6. engaged in interstate commerce; (2) that appellee's injuries resulted from risks and hazards ordinarily

Vandalia R. Co. *v.* Holland—183 Ind. 438.

incident to the work in which he was engaged; and
7. (3) that said injuries were caused by his own failure
to see that the coupling was made, as it was his duty
to do, before he gave the signal for the movement of the cars.
The second and third of these reasons state questions of
fact which were submitted to the jury under proper in-
structions and decided adversely to appellant's contention
on evidence which is conflicting. On the first reason assigned
it appears that at the time of the accident appellee was a
member of a switching crew which was engaged in switching
cars from points on appellant's tracks to other points on
said tracks, all in the city of Indianapolis. It further ap-
pears, however, that said switching crew was engaged in
handling all of the cars that belonged to appellant, or that
were in its trains as they came through the yards; that said
cars came from all parts of the country and were made up
into trains which went to all parts of the country. There
were in the cut of cars, cars that went to St. Louis, Missouri.
Under such circumstances both appellant and appellee were
engaged in interstate commerce. *Cleveland, etc., R. Co.* v.
*Public Service Com.* (1915), *ante* 165; *Northern Pac. R. Co.*
v. *Maerkl* (1912), 198 Fed. 1, 117 C. C. A. 237; *Colasurdo*
v. *Central Railroad, etc.* (1910), 180 Fed. 832; *Zikos* v.
*Oregon R., etc., Co.* (1910), 179 Fed. 893; *Horton* v. *Oregon-
Washington R., etc., Co.* (1913), 72 Wash. 503, 130 Pac. 897,
47 L. R. A. (N. S.) 8.

We find no reversible error and hold that the judgment
should be affirmed. Judgment affirmed.

NOTE.—Reported in 108 N. E. 580. As to proper subjects of in-
structions to jury, see 72 Am. Dec. 538. As to constitutionality,
application and effect of Federal Employer's Liability Act, see
47 L. R. A. (N. S.) 38; L. R. A. 1915 C 47. As to employes en-
titled to protection under Federal Employer's Liability Act, see
Ann. Cas. 1914 C 164. See, also, under (1) 26 Cyc. 1494; (2)
26 Cyc. 1123; (3) 26 Cyc. 1491; 38 Cyc. 1778; (4) 38 Cyc. 1788;
(5) 38 Cyc. 1711; (6) 3 Cyc. 348; 26 Cyc. 1516; (7) 7 Cyc. 1915
Anno. 427-31.