## HASKELL AND BARKER CAR COMPANY *v.* TRZOP.

[No. 23,804. Filed October 8, 1920. Rehearing denied December 17, 1920.]

1. PLEADING. — *Complaint.* — *Particulars.* — Section 343 Burns 1914, §338 R. S. 1881, does not require a complaint to contain more than is reasonably necessary to fully and distinctly inform the defendant of what he is called upon to meet. p. 40.

2. APPEAL. — *Pleading.* — *Conclusions.* — *Harmless Error.* — The question of granting or refusing motions to make pleaded conclusions found in a complaint more specific, is still largely within the discretion of the *nisi prius* courts, although in view of the present rule as to the value of such conclusions, more attention should be given such motions by such courts, and such courts' ruling will be upheld on appeal unless it appears that the complaining party has suffered injury. p. 40.

3. PLEADING. — *Certainty.* — *Particulars.* — *Facts Known to Adversary.* — Where the facts sought to be brought into a pleading by a motion to make more specific are peculiarly within the knowledge of or presumed to be known by the opposite party, that certainty and particularity usually necessary in ordinary cases is not required. p. 41.

4. PLEADING. — *Master and Servant.* — *Warning.* — *Certainty.* — An allegation that the master moved a car without reasonable or sufficient warning to an employe is sufficient against a motion to allege more specifically the warning which was given, since it indicates that the warning was not sufficient, and since as to any warning given the master was in an equal or better posi-

tion to know its extent and character and to obtain evidence on the subject than the employe. p. 41.

5.    APPEAL.—*Pleading.—Conclusions.—Particulars.—Surplusage. —Error Harmless.*—It is not reversible error to deny a motion to make a conclusion in a pleading more specific when the entire clause to which it was addressed might have been eliminated without injury to the pleading.    p. 42.

6.    PLEADING.—*Master and Servant.—Safe Working Place.— Particulars.*—In a complaint for injuries to an employe working under a car when, without sufficient warning, it was moved under the order of the defendant through certain agents whose names are unknown to the plaintiff, a motion to make more specific was properly overruled, which demanded that plaintiff give the respective positions of each in the service of defendant and their relations to defendant and to plaintiff, where it appears from other allegations that plaintiff was inexperienced in the work, and uninstructed as to its dangers, and that he and all persons in any manner contributing to his injuries were in the service of defendant and performing their respective duties under its order and direction, since it is apparent that the motion calls for matters within the knowledge of defendant, and since the complaint fairly advised the defendant of the facts relied on for recovery.    p. 42.

7.    MASTER AND SERVANT.—*Negligence.—Pleading.*—A complaint alleging that the master was negligent in that it caused and permitted the car under which plaintiff was working to be moved without warning plaintiff, who was free from negligence, sufficiently states actionable negligence on the part of the master in its duty to protect the plaintiff, who was inexperienced and uninstructed, from the alleged injury, to repel a demurrer based on the contentions that the complaint showed affirmatively that the injuries were caused by a fellow servant, and that the defects in the working place were transitory, and the risks thereof assumed by plaintiff.    p. 43.

8.    APPEAL.—*Evidence.—Sufficiency.*—Where no material fact essential to sustain the verdict is without some evidence to support it, the judgment cannot be disturbed for want of evidence to sustain the verdict.    p. 44.

9.    DAMAGES.—*Injuries to Person.—Amount.*—A verdict awarding $5,500 to a laborer twenty-four years of age, earning $1.75 per day up to his injury, for a fracture of both bones of his leg, one of which healed but was not straight, the other of which had healed with a false union, when the plaintiff was required to use crutches, and notwithstanding that he had been in a good hospital under good medical care for thirteen and one-half months and had undergone two operations, his leg

was shortened and his back was curved therefrom, his leg was wasted and his foot in improper position, and his condition might possibly be improved by a major operation, was not excessive.    p. 44.

10. MASTER AND SERVANT.—*Instructions.—Duty to Keep Working Place Safe.—Warning.*—Instructions that it was the duty of the master to keep plaintiff's working place reasonably safe and in order to do so that it was the master's duty to give plaintiff reasonable warning before moving the car under which he was working, were correct.    p. 45.

11. DAMAGES.—*Enhancing Injury.—Question of Fact.*—Submitting to the jury the question whether plaintiff enhanced his own injury was proper, where the evidence showed that plaintiff had undergone two operations, but refused to undergo a third, which would be expensive, involve some danger to life and promised to restore only fifty per cent. efficiency to his injured leg, since the law lays down no hard and fast rule as to the duty of a plaintiff under such circumstances.    p. 46.

12. APPEAL.—*Damages.—Instruction.*—An instruction to allow plaintiff damages which will compensate him under all the evidence in the case, is not prejudicial to the defendant where there was no evidence in the case which might have misled the jury into giving punitive damages, and the amount of the verdict does not indicate that anything but compensatory damages was assessed.    p. 47.

13. DAMAGES.—*Personal Injuries.—Discretion of Jury.—Certainty.*—In actions for personal injuries juries are allowed a sound discretion in assessing damages, and while courts may instruct as to the elements of damages they cannot be defined and calculated with mathematical certainty.    p. 48.

14. MASTER AND SERVANT.—*Instructions.—Custom Among Employes.—Invading Province of Jury.*—A requested instruction that assumed as matter of law that a custom adopted by defendant's employes afforded them reasonable protection while at their work, invaded the province of the jury and was properly refused where the evidence showed that plaintiff, an inexperienced employe, was injured when a car under which he was working was moved without sufficient warning to him.    p. 48.

15. MASTER AND SERVANT.—*Instructions.—Assumption of Risk.*—A requested instruction on the subject of assumed risk was properly refused as tending to confuse the jury where the evidence showed that plaintiff was injured by the moving, without sufficient warning, of a car under which he was working.    p. 49.

From Laporte Circuit Court; *James L. Gallaher*, Judge.

Action by Joseph Trzop against the Haskell and Barker Car Company. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under Subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*W. A. McVey, C. R. Collins, J. B. Collins* and *Howard B. McLane,* for appellant.

*Warren C. Ransburg, Francis F. Wooley* and *F. W. Jaros,* for appellee.

MYERS, C. J.—Appellee brought this action against appellant to recover damages for personal injuries sustained while in the latter's employment. The complaint was in two paragraphs. The first paragraph was grounded on the Employers' Liability Act approved March 2, 1911, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, and the second was drawn upon the theory of an action at common law. Appellant's motion to make each paragraph of the complaint more specific, as well as its demurrer for want of facts addressed to each paragraph of the complaint, was overruled, whereupon it answered by a general denial. The issues thus formed were submitted to a jury, resulting in a verdict and judgment in favor of appellee. Appellant's motion for a new trial was overruled and this ruling, as well as the aforementioned rulings, are each here assigned as error.

Briefly stated, the complaint in this case shows that at the time appellee was injured he was in the employ of appellant as a laborer and then at work in the shops of appellant then used by it in the construction and manufacture of steel cars; that immediately prior to the injuries of which appellee complains appellant directed appellee to do certain work on a certain car which

was standing on a certain track in its shop. As the work of constructing cars progressed, the cars were moved along tracks to new positions. Appellee was inexperienced in this work and uninstructed as to the dangers to be encountered by him in such employment, all of which, by the exercise of reasonable care, appellant well knew. The work assigned appellee required that he go under the car, and while there it is claimed that appellant carelessly and negligently, and without warning to appellee, caused the car to move, run upon and against him, whereby he was injured.

Our attention is first directed to the motion to make more specific which as applied to the various allegations of each paragraph of the complaint respecting appellee's injuries, the rulings of the trial court are not questioned on appeal, but as to that part of the motion addressed to the allegation "without reasonable or sufficient notice or warning to the plaintiff," found in the first paragraph, the contention is that this allegation implies that some notice was given, and, if so, the facts should be stated so that the court may determine whether or not such notice was reasonable.

In the second paragraph the allegation that "the defendant then and there carelessly and negligently failed to furnish plaintiff a safe place to work and keep the same safe, and use reasonable care to have and keep said car stationary and at rest while plaintiff was so at work under same," is said to be insufficient because it fails to state "wherein this defendant was careless and negligent in failing to furnish the plaintiff a safe place to work"; also that the motion should have been sustained to the following allegation: "But, on the contrary, carelessly and negligently suffered, permitted and caused the said car to be suddenly moved by means of a certain electric machine and cable, and by order of defendant, through defendant's certain agents then in

charge of defendant's said track and cars, and machine for moving cars who were not fellow servants of the plaintiff, whose names are to the plaintiff unknown, without any reasonable or sufficient warning or notice to the plaintiff, while the plaintiff was, as aforesaid, under the said car at work in the course of his employment, with all due care and diligence on his part and in ignorance of the said risk of injury," because it fails to identify the "certain agents" of the defendant in charge of the track, cars and machine, and "the respective positions of each in the service of defendant and their relation to it and to plaintiff occupied by them," in order that the court may determine whether or not such agents were fellow servants of appellee. The conclusion that they "were not fellow servants of the plaintiff" will not take the place of the facts thus required.

We cannot say that the complaint was carefully prepared, or that any good purpose will be subserved by an extended statement of the various allegations of either paragraph. Appellant was entitled to have "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." §343 Burns 1914, §338 R. S. 1881; Watson, Revision Works' Practice §§824, 825. But this rule does not require more than is reasonably necessary to fully and distinctly inform the defendant of what he is called upon to meet. *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 79 N. E. 911.

In view of our present rule as to the value of pleaded conclusions, more attention should be given such motions by trial courts than formerly, but still the question of granting or refusing such motions is largely within the discretion of *nisi prius*

courts, and their action on appeal will be upheld unless it appears that the complaining party has suffered from such ruling. *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122; *Cincinnati, etc., R.* v. *Miller* (1905), 36 Ind. App. 26, 72 N. E. 827, 73 N. E. 1001; *Fletcher Bros. Co.* v. *Hyde* (1905), 36 Ind. App. 96, 75 N. E. 9.

In this connection it may be said that in cases where the facts to be alleged are peculiarly within the knowledge of or presumed to be known to the opposite 3. party, sound reason does not require that certainty and particularity usually necessary in ordinary cases. *Cheney* v. *Chicago, etc., R. Co.* (1889), 75 Wis. 223, 43 N. W. 1152; *Goshen, etc., Turnpike Co.* v. *Sears* (1828), 7 Conn. 86; *Louisville, etc., R. Co.* v. *Jones* (1888), 83 Ala. 376, 3 South. 902.

As to the particular allegation in the first paragraph, it must be admitted that the pleader is somewhat indefinite in his statement. However, after a careful consideration of all the allegations of this paragraph, we are convinced that, from the pleaded facts on the question of notice or warning, appellant was not 4. embarrassed in the preparation of its defense by reason of appellee's failure to allege additional facts. The notice or warning had reference to the moving of the car, which was charged to have been negligently moved by appellant, its agents, servants and officers. It may be fairly inferred from the facts that the warning given, if any, was not such as gave appellee an opportunity to escape the danger from the moving car. If any notice or warning was actually given, appellant was in as good, if not in a better, position to know the extent or character of the notice or warning than was appellee. Its position for obtaining evidence on that subject was at least the equal of, if not supe-

rior to, that of appellee.   No harm resulted to appellant from this ruling.

Reversible error did not result from the overruling of the motion to make more specific directed to the second paragraph.   It is true the statement "who were not fellow servants of the plaintiff" was a conclusion to which the motion should have been sustained.   *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 5 N. E. 187.   But what was the effect of overruling it?   The clause to which it was addressed might have been eliminated entirely without doing violence to the pleading.   In this particular the trial court is not shown to have abused its discretion.

Looking to the other allegations questioned by the motion, it appears that appellant gave the order to move the car, and that this order was executed by appellant's agents and servants, whose names were unknown to appellee.   The working place of appellee was under the car.   While the car was at rest his working place was not necessarily dangerous, but to move the car while appellee was under it made the place dangerous.   The fact that appellee, to the knowledge of appellant, was inexperienced in the work and uninstructed as to the dangers likely to be encountered by him, when considered in connection with the charge that appellant negligently failed to keep the car at rest and negligently permitted and caused the car to be suddenly moved while appellee was at work under it, without first warning him, as was the custom of appellant, in connection with other allegations with reference to the unknown persons who actually took part in moving the car, tends to excuse appellee from giving a more detailed statement regarding "the respective positions of each in the service of defendant and their relations to it and to plaintiff."   It also appears that appellee and all of the persons in any manner contributing to

his injuries were in the service of appellant and were performing their respective work and assignments under the order and direction of appellant.

Without further recounting the facts disclosed by the complaint, we are convinced that the motion calls for facts which must be regarded as within the knowledge of appellant, and if so, we must conclude that appellant was fairly advised by this paragraph of complaint of the facts relied on by appellee as the basis for his recovery. *Thomas Madden, Sons & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933; *Schneider* v. *Wisconsin Central Co.* (1892), 81 Wis. 356, 51 N. W. 582; *Monahan* v. *Northwestern Contracting Co.* (1893), 84 Wis. 596, 54 N. W. 1025; *King* v. *Oregon Short Line R. Co.* (1898), (Idaho) 59 L. R. A. 209, 220, note.

Appellant has assigned as error the overruling of its demurrer to each paragraph of the complaint. This assignment as to the first paragraph is waived. As to the second paragraph appellant insists that the allegations thereof affirmatively show that appellee's injuries were caused by the negligence of a fellow servant as well as from his own negligence; also that the defects in the working place of appellee were transitory, and as to such dangers he assumed the risk.

It is true at common law the master is not liable to a servant for injuries caused by the negligence of a fellow servant, but in this case the negligent acts of omission and commission, which proximately caused appellee's injuries, are charged to have been omitted or committed by the master. The charge thus made, together with the allegation of freedom from negligence on the part of appellee when considered in connection with the specific points of weakness suggested by appellant, satisfy us that the complaint as a whole, when fairly construed, does show a duty owing by appellant to protect appellee from the alleged injury, its failure

to perform that duty, and that such neglect caused the injury for which appellee is claiming damages. This conclusion warrants us in holding that actionable negligence is shown. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 33 N. E. 1028, 39 Am. St. 261; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802; *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 83 N. E. 632; *Domestic Block Coal Co.* v. *Holden* (1914), 56 Ind. App. 634, 103 N. E. 73; *Burford* v. *Dautrich* (1914), 55 Ind. App. 384, 103 N. E. 953; *Fletcher Bros. Co.* v. *Hyde, supra.*

Appellant asserts that the evidence is insufficient to support the verdict. The evidence is of considerable length, and we have carefully read the same with the conclusion that no material fact essential to sustain the verdict is without some evidence to support it. Hence the judgment cannot be disturbed for want of evidence to sustain the verdict.

8.

The jury awarded appellee $5,500, which is claimed to be excessive. We do not so regard it. Appellee at the time of his injury was twenty-four years old, and was earning $1.75 per day. Both bones of his right leg were fractured at the junction of the middle of the lower third. The fibula healed, but was not straight. The tibia has not healed, and has a false joint. This leg is one and one-half inch short of the other, bends backwards, the foot turns out, and he has a tendency to walk on the side of his foot. There is a wasting of the right leg. The shortened leg has caused a curve in his back. The treatment recommended for this leg is to cut down upon the fractured bone, scrape away the ends of both pieces, drill into the center of the pieces so as to open the medullary canal, remove any softened particles of bone, then chisel a piece out of the left leg of corresponding size,

9.

and insert it between the fragments of the broken bone, close up the leg and wait for union. The prospect of a successful union from such an operation offers only a hope. If infection should occur, and it frequently happens, the operation would be a failure. This would be a major operation. The danger to life would be about five per cent. If this treatment was successful, he would have a leg a little better than fifty per cent. efficiency. The surgery suggested alone would cost from $250 to $500. He was in a hospital under good hospital conditions and good medical care for thirteen and one-half months, and up to the time of the trial had walked only by the use of crutches. He still complains of the injury to one of his hands, and says he has pain at times from the hurts on the right side of his body. At the time of the accident appellee enjoyed good health. Taking the evidence as a whole, we cannot say that the jury in assessing appellee's damages acted through passion, partiality or corruption, but, on the contrary, allowed only reasonable compensation.

Appellant points to certain instructions given by the court of its own motion as grounds for reversing the judgment. By reference to these instructions it 10. will be noticed that Nos. 3 and 4 in effect proceed upon the theory that it was the duty of appellant to use reasonable care not only to furnish appellee with a reasonably safe place to work, but to keep it reasonably safe, and in order to keep the place reasonably safe it was the duty of the master to give appellee reasonable warning before making the place unsafe by moving the car.

Looking to the theory of the complaint and the evidence adduced in support thereof, it is our judgment that the duty to warn was a prerogative of the master. The master directed the work of his servants and when

and how it was to be done. *Consolidated Stone Co.* v. *Ellis* (1910), 46 Ind. App. 80, 91 N. E. 1095, and cases cited.

Appellee was put to work under the car. From that point he could not know when the car would be moved otherwise than by being warned of such intention. It was the moving of the car that made the place dangerous, so that the safety of the place depended upon timely warning, which there is evidence tending to show the master failed to give, and this neglect was the proximate cause of appellee's injuries. It was not error to give these instructions. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Consolidated Stone Co.* v. *Ellis, supra; Vandalia R. Co.* v. *Holland* (1915), 183 Ind. 438, 108 N. E. 580; *Hendrickson* v. *U. S. Gypsum Co.* (1907), 133 Iowa 89, 110 N. W. 322, 9 L. R. A. (N. S.) 555, 12 Ann. Cas. 246; *Illinois Steel Co.* v. *Ziemkowski* (1906), 220 Ill. 324, 77 N. E. 190, 4 L. R. A. (N. S.) 1161.

Instruction No. 9½ was on the subject of the care and diligence a person injured through the negligence of another should use for his own recovery if he would avoid the charge of enhancing damages against a defendant. Appellant's objections to this instruction may be summed up in the statement that the instruction is too narrow and invades the province of the jury. The record discloses evidence tending to show that appellee, upon discovering that his broken bones had not properly united, suffered himself to be anaesthetized, his broken bones exposed, and bone chips introduced. This and another surgery alike proved unsuccessful. The surgeon in charge then recommended another operation, known as bone transplantation, and calling for the treatment to which we have already referred. Appellee declined the surgeon's last recommendation, and, because of this refusal, ap-

pellant claims he was not entitled to recover damages for permanent injuries. The instruction submitted that question to the jury. In *Blate* v. *Third Ave. R. Co.* (1899), 44 App. Div. 163, 60 N. Y. Supp. 732, it is said: "The law lays down no hard and fast rule as to the duty of the plaintiff under such circumstances. Whether an operation for his ailment, which might endanger his life in any degree, must be submitted to, is a question which the law cannot answer, nor does it lie in the mouth of a jury to say that the plaintiff should or should not do any particular thing. They are concerned simply with the affairs presented to them at the trial, and whether the damages then appearing to exist are the natural and probable result of the injuries diminished by the efforts for a cure which a reasonably prudent man would have made." The instruction was not an improper one. *Sullivan* v. *Tioga R. Co.* (1889), 112 N. Y. 643, 80 N. E. 569, 8 Am. St. 793; *Kehoe* v. *Allentown, etc., Traction Co.* (1898), 187 Pa. 474, 41 Atl. 310; *Caven* v. *City of Troy* (1897), 15 App. Div. 163, 44 N. Y. Supp. 244; *Williams* v. *City of Brooklyn* (1898), 33 App. Div. 539, 53 N. Y. Supp. 1007; *Rothwell* v. *Davies* (1903), 19 Times Law R. 423; *Sweeney* v. *Pumpherston Oil Co.* (1903), 40 Scottish Law R. 721.

Instruction No. 10 is claimed to be erroneous. This instruction, after properly enumerating the elements which the jury should take into consideration in estimating appellee's damages, concludes with the statement, "and give him such amount in damages as will, under all the evidence in the case, compensate him for all the injuries received, not, however, exceeding the amount named in the complaint." Appellant objects to the phrase, "under all the evidence in the case." In support of its objection our attention is called to the case of *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 81 N. E. 492; *Broad-*

*street* v. *Hall* (1904), 32 Ind. App. 122, 69 N. E. 415, and *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600.

The wording of the three instructions considered in the three cases cited by appellant as to the point now in question were practically the same. They each told the jury that it was to consider all of the facts and circumstances proved in the case. The opinion in each of those cases pointed out evidence and circumstances which might have misled the jury into giving punitive damages, or might have otherwise affected the question of damages. However, in the instant case, the amount of the verdict, or any evidence to which our attention has been called, or which we have been able to find, leads us to conclude that the jury was not misled into assessing any other than compensatory damages. In this particular, this case may be clearly differentiated from the cases cited and relied on by appellant. While we do not approve the instruction as given, yet we are not convinced that appellant was harmed thereby, and therefore no reversible error is shown. *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76; *Kingan & Co.* v. *Gleason* (1914), 55 Ind. App. 684, 101 N. E. 1027.

It must be remembered that: "Juries are allowed a sound discretion in assessing damages, and while the courts may instruct as to the elements of damages, they cannot be defined and calculated with mathematical certainty." *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881.

It is next insisted that the court erred in refusing to give appellant's tendered instructions Nos. 12 and 16. Instruction No. 12 involved the question of the reasonableness or legal sufficiency of the custom adopted by appellant's employes under which the

work of moving cars under construction from post to post was done. This instruction invaded the province of the jury by assuming as a matter of law that the custom adopted by appellant's employes under the evidence afforded them reasonable protection from injury while engaged in their work. Enough has been said in the course of this opinion to condemn this instruction when applied to the facts and circumstances pertaining to the place appellant was assigned to work, his want of experience, his opportunities of seeing and hearing warnings, and knowledge of the master.

Instruction No. 16 had reference to the second paragraph of the complaint and was on the subject of assumed risk. It proceeded upon the theory of the employe's actual knowledge, or knowledge by the exercise of ordinary care, of the dangers produced by the negligence of his employer with or without promise made to remedy such dangers. It sought to introduce a theory into the case which would tend to confuse rather than to clarify the questions the jury were called upon to decide. It was not error to refuse the instruction. We are satisfied that a fair trial was had, and reversible error has not been pointed out.

Judgment affirmed.