### KUHN v. HARRISON ET AL.

[No. 16,116. Filed February 16, 1938.]

*Joseph H. Louis* and *Earl Keisker*, for appellant.

*J. Brandon Griffis* and *Wiles, Springer & Roots*, for appellees.

LAYMON, C. J.—Appellant filed his complaint on December 8, 1936, to recover damages against the appellees for personal injuries alleged to have been sustained by appellant by reason of being struck by an automobile driven by appellee Bradford Harrison as the agent of appellee Connersville Casket Company, Inc., and acting "in the line of his duties as such" at the time of the

occurrence of the accident. Upon the filing of the complaint appellant caused summons to be issued against both appellees and attempted to obtain service of process on appellee Harrison pursuant to and as authorized by chapter 123 of the Acts of the 79th regular session of the General Assembly of the State of Indiana, Acts of 1935, p. 463. On the 15th day of January, 1937, appellee Harrison appeared specially to the action and filed his motion to quash said summons and to set aside and hold for naught the service thereof. On July 10, 1937, the trial court sustained appellee's motion to quash the summons and to set aside the service thereof, to which ruling of the court the appellant objected and duly excepted. It is from this order of the court that appellant attempts to prosecute this appeal, assigning as error the sustaining of said motion of appellee to quash·the summons and set aside the service of process.

Appellees have appeared specially in this court and filed a motion to dismiss this appeal and assert that no final judgment was rendered by the trial court in said cause and that the order from which appellant herein attempts to appeal does not constitute either a final judgment or an interlocutory order from which an appeal is authorized by law.

In addition to so much of the record as above set out, the transcript filed in this court discloses that appellee Connersville Casket Company, Inc., filed on July 12, 1937, its motion to require the appellant (plaintiff below) to state the facts necessary to sustain the conclusions alleged. This motion has not been ruled upon or disposed of in any manner. It is thus apparent from the entire record that there was no final judgment rendered by the trial court as to either of the appellees herein within the definition of what constitutes a final judgment as has been prescribed by the courts of our state. So far as the record discloses, the

action is still pending in the trial court and remains undisposed of as to both appellees (defendants below). A judgment or decree, to be final within the meaning of the word "judgment" in our statute governing appeals, must terminate the litigation between all the parties on the issues of the case made on the pleadings, so that, if the judgment or decree be affirmed, the court which had initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. Furthermore, a judgment must dispose of all the issues in the case which affect any and all of the parties to make it final. *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783.

Under the circumstances as presented by the record in this appeal, the sustaining of appellee's motion to quash the summons and to set aside the service thereof can in no sense be termed a final judgment. Neither is the order one of the interlocutory orders from which an appeal is authorized by statute.

The appeal is dismissed.

Dudine, P. J., concurs.