WARREN *v.* TAM'S DRUGS, INC. ET AL.

[No. 19,566. Filed January 24, 1961.]

*Michael E. Tancey,* of Elwood and *Schrenker & Anderson,* of Anderson, for appellant.

*Hugh E. Reynolds, Robert C. Ridell* and *Locke, Reynolds, Boyd & Weisell,* of counsel, all of Indianapolis, for appellees.

AX, C. J.—The record in this case shows that appellant (plaintiff below) brought an action against appellees and other defendants who are not parties to this appeal for personal injuries. Appellees entered a special appearance in the trial court and filed motion to quash the summons and set aside service of process of the appellee-defendant, Tam's Drugs Inc. The court below sustained this motion and entered special finding of facts and conclusions of law. Judgment was entered accordingly.

Appellant thereafter filed a motion for new trial, which was overruled, and this appeal follows.

After submission of this appeal under Rule 2-14 and filing of appellant's brief, under Rule 2-9, appellees appeared specially on December 22, 1960, and filed a motion to dismiss together with proof of service, urging inter alia, that this court has no jurisdiction of this appeal because the sustaining of a motion to quash the summons and to set aside the service of process is not a final judgment or an interlocutory order from which an appeal is authorized by law.

Appellant has neither offered objections thereto, nor has filed any briefs supporting her position, therefore apparently conceding that appellees' motion is proper and that this appeal should be dismissed.

Although it is not the duty of this court to serve as a proponent for an appellant who refuses or fails to come forth with valid objections to a motion urging the dismissal of the appeal, nevertheless we have carefully examined the motion of appellees together with a cursory examination of authorities contained in the supporting briefs, and we are of the opinion that the motion has merit under authority of *Kuhn v. Harrison, et al.* (1938), 104 Ind. App. 664, 12 N. E. 2d 997. In that case our court held that an order of the trial court quashing the summons was neither a final judgment, nor one of the interlocutory orders from which an appeal is authorized by statute.

Appellees urged other reasons why this court has no jurisdiction of this appeal, but in view of our opinion above it is not necessary that we dwell further in showing reasons for dismissing this appeal.

Appeal dismissed.

NOTE.—Reported in 171 N. E. 2d 707.