HENLINE *v.* TRI-STATE PROMOTIONS, INC., ET AL.

[No. 19,564.  Filed November 21, 1962.  Rehearing denied January 10, 1963.  Transfer denied March 19, 1963.]

*Bangs & Yates,* and *Donald G. Yates,* of Huntington, for appellants.

*Barrett, Barrett & McNagny,* and *J. A. Bruggeman,* both of Fort Wayne, for appellees, Holiday on Ice and Alvin R. Grant.

*Campbell, Livingston, Dildine & Haynie,* of Fort Wayne, for appellee Tri-State Promotions, Inc.

KELLEY, C. J.—The appellant brought this action to recover damages allegedly sustained by the appellant as a result of a fall of his wife on a walkway in an entertainment facility used in presenting an ice show called Holiday on Ice.

The complaint was filed, summons issued and returns made for three defendants, Holiday on Ice, Alvin R. Grant and Tri-State Promotions, Inc. Appellees, Alvin

R. Grant and Holiday on Ice appeared specially and each filed a motion to "quash the summons . . . and to quash the return." The appellee Tri-State Promotions filed a motion to make the complaint more specific. The court sustained all three motions and the appellant thereafter brought this appeal.

The motions to quash of the appellees, Holiday on Ice and Alvin R. Grant, were identical with the exception of the defendants' names, and read, omitting caption and signatures, as follows:

"The defendant ——(name)—— appears specially herein by Barrett, Barrett & McNagny, and moves the court to quash the summons for the reason that said summons was issued without authority of law and to quash the return thereon for the reason that said return fails to show a valid and proper service."

The summons to Holiday on Ice read:

"STATE OF INDIANA, ALLEN COUNTY, SS: (SUPERIOR COURT) State of Indiana, to the Sheriff of Allen County, Greeting:

"You are hereby commanded to summon Holiday on Ice 10-9-59 W.C.A. to appear in Superior Court of Allen County, State of Indiana, on the 30th day of October, 1959, at the Court House, in the City of Fort Wayne, Indiana, to answer to the complaint of Norman H. Henline in an action of Complaint for Damages demanding $50,000.00 and of this summons make due return.

"Witness, the Clerk of said Court, and the seal thereof, this 9 day of October, A.D., 1959.

Elmer Smith, Clerk"

In examining the defect complained of, the court is limited to the face of the instrument. As said in *Matlaw Corporation* v. *War Damage Corporation* (1953), 123 Ind. App. 593, 112 N. E. 2d 233:

"Our practice contemplates that a motion to quash a summons or return challenges any defect that appears on the face of the summons or return and should clearly indicate the defects complained of."

The summons issued for Holiday on Ice appears regular on its face and discloses nothing on its face to warrant a conclusion that it was "issued without authority of law." A defect such as is complained of by the above language in the motion to quash would seemingly refer only to the method or source of issue or to some other fact not apparent on the face of the summons. From the face of the summons there is no apparent defect that would indicate that §2-802, Burns' 1946 Replacement, was not followed and therefore that the summons issued without authority of law. Therefore, it must be concluded that the motion to quash as directed to the summons to Holiday on Ice should have been overruled.

The summons to the appellee, Alvin R. Grant, read as follows:

"SUMMONS FOR ALVIN R. GRANT
"STATE OF INDIANA, ALLEN COUNTY, SS:
(SUPERIOR COURT) STATE OF INDIANA, TO THE SHERIFF OF ALLEN COUNTY, GREETING:
"You are hereby commanded to summon Alvin R. Grant 10-9-59 W.C.A. to appear in the Superior Court of Allen County, State of Indiana, on the 30 day of October, 1959, at the Court House, in the City of Fort Wayne, Indiana, to answer to the Complaint of Norman H. Henline in an action of Complaint for Damages demanding $50,000.00 and of this summons make due return.
"Witness, the Clerk of said Court, and the seal thereof, this 9 day of October, A.D. 1959.
Elmer Smith, Clerk"

The motion to quash this summons was based upon the same reasons as those employed above by said Holiday on Ice. The motion to quash, we think, should have been overruled for the reasons given above.

The appellee asserts that "no statute has been cited to justify the issuing of summons against a non-existent legal entity—something which is not a ▮ legal person, actual or fictitious." If it is meant by this statement that the defendant, Holiday on Ice, is a non-existent "legal entity," such fact does not appear on the face of the summons. The fact that a defendant named as "Holiday on Ice" has appeared to this action, either generally or specially, by counsel and filed a motion to quash the summons, would seem to indicate that it has some kind of legal existence although, it may be, not by the name or characterization designated in the summons. If it has been wrongly named or characterized in the summons, such fact, of necessity, would have to be made apparent by some pleading other than the herein filed motion to quash.

The return of summons for Alvin R. Grant read:
"SHERIFF'S RETURN:
"This writ came to hand Oct. 9, 1959, and I served the same by reading to and within the hearing of Alvin A. Grant and delivered copy of complaint to Defendant this 9 day of Oct. 1959."

Nothing is disclosed in said Alvin R. Grant's motion to quash said return to show what defect, if any, in said return is complained of. The defect is not indicated therein and the motion should have been overruled.

The sheriff's return of the summons for Holiday on Ice, reads as follows:

"SHERIFF'S RETURN:
"This writ came to hand Oct. 9, 1959, and I served the same by reading to and within the hearing of Alvin R. Grant, Road Business Mgr. of Holiday on Ice and delivered copy of complaint to Defendant this 9 day of Oct. 1959."

Appellee's Motion to Quash said return states only the legal conclusion that "said return fails to show a valid and proper service." It omits to set out or state in what respect the return fails to show a "valid" and "proper" service. For instance, is the legal authority of the signatory officer or person to make the service the defect complained of? Or are there several defects appearing on the face of the return to which appellee objects? If so, what are the apparent defects the pleader has in mind? The said motion to quash said return, as it is phrased and worded, casts upon the court the burden of searching for the exact defect complained of and leaves the court to guess or conjecture as to whether a defect appears on the face of the return concerning which the appellee could find fault.

In *Matlaw Corporation* v. *War Damage Corporation, supra,* the appellee filed two motions to quash the summons and return. In the first they used the language "no effective service has been obtained on said defendant," and in the second stated that the service of the summons ". . . does not constitute service on the defendant. . . ." In that case we commented on the language used in each motion. Of the first, we said, "it utterly fails to set out the defects appearing on the face of said summons or return, it seeks to challenge.", and of the second, "Again there is no indication as to what are the defects appearing on the face of the summons or return, to which the appellee objects." It seems to us that the above lan-

guage contained in the herein motion to quash is similar to that found in the motions to quash in the Matlaw case. We are therefore impressed that the holding in the said Matlaw case is controlling here and that said appellee's motion to quash said return should have been overruled. See, also, *Bankers' Surety Co.* v. *Town of Holly* (1915) (C. C. A. 8th), 219 Fed. 96, 100, 101.

Appellee relies heavily upon and says that this "case is governed" by "the rule stated" in *Southern Indiana Railway Company et al.* v. *Indianapolis & Louisville Railway Company* (1907), 168 Ind. 360, 364, 81 N. E. 65. However, it seems that appellee mistakes the problem here at issue. In the last cited case, the wording or phraseology of appellant's motion to quash is neither set forth nor appears to have been questioned as to its sufficiency or correctness. It is to be noted, also, that in the latter mentioned case, the return failed to show a service of the summons on anyone. Because the motion to quash of the appellees in the case at hand omitted to indicate with reasonable certainty the defect on the face of the return to which said appellees objected, the announcements made in the last above cited case are neither in point nor controlling as to the question now before us.

The sustaining of the motion to make more specific of appellee Tri-State Productions was within the discretion of the trial judge. *Haskell & Barker Car Co.* v. *Trzop* (1920), 190 Ind. 35, 40, 128 N. E. 401; Flanagan, Indiana Pleading and Procedure, §132, pp. 185, 186; 23 I. L. Ency., *Pleading*, §192, note 18, page 413, and cases cited. The appellant failed to show any abuse of this discretion that would require us to reverse the lower court.

The judgment sustaining the several motions of the appellees, Holiday on Ice and Alvin R. Grant, to quash the several summons and returns thereof, is hereby reversed with instructions for further proceedings consistent herewith.

The judgment sustaining the motion of the appellee, Tri-State Promotions, Inc., to make appellant's complaint more specific, is hereby affirmed.

Bierly, Gonas, Pfaff, JJ., concur.

## ON PETITION FOR REHEARING

KELLEY, J.—The appellees Holiday on Ice and Alvin R. Grant have filed separate unverified petitions for a rehearing. However, for purposes of consideration, we will treat them as one petition.

It is asserted that we erred in holding that "Appellant's Brief" sets forth an appealable judgment. We fail to find that we made any such holding. Such question was not before us. It was not presented to us in any fashion or form. No motion to dismiss the appeal or affirm the judgment was filed by any of the appellees. No statement by any of the parties was made in the argument with reference thereto. All briefs of the parties, including the briefs of said appellees, treated the matter and the cause on the basis of an appealable judgment.

In one part of their brief, said appellees state that appellant's brief fails to comply with the rules of this court and "the judgments" appealed from should be affirmed. In another part of their brief they say that for certain reasons they refer to, *"the judgment"* should be affirmed without further proceedings. Elsewhere they say that the *"judgment below"* should be affirmed. Further, they aver that insofar as a ques-

tion of fact is involved, that question *"has been decided"* against appellant. Other than one or two contentions that appellant's brief failed to comply with the rules, the brief of appellees is devoted to the merits of the case.

Said appellees did attack appellant's brief on the ground that it contained no "heading" of "How the Issues were Decided and What the Judgment Was" and that, for such failure, the judgment should be affirmed. But at no point in their brief or in the argument did they state, assert, contend or suggest that said brief did not set forth an appealable judgment. No reference to any claimed deficiencies in the record was made by said appellant at any time.

The said question sought to be raised by appellees on their petition for a rehearing as to the asserted deficiency in appellant's brief comes too late and cannot now be raised or presented *City of Indianapolis, etc.* v. *Wynn et al.* (1959), 239 Ind. 567, 582, 157 N. E. 2d 828, 159 N. E. 2d 572.

Appellees say that our decision is in "irreconcilable" conflict with *Warren* v. *Tam's Drugs, Inc. et al.* (1961), 131 Ind. App. 420, 171 N. E. 2d 706. They state that each of the divisions of this court "should respect the decisions of the other divisions or certify the matter to the Supreme Court." But in what respect our decision conflicts with the cited case is not set forth or stated by appellees. In this respect, therefore, the now considered rehearing petition fails to comply with Rule 2-22 of the Supreme and Appellate Courts.

Appellees continue to say that we erred in reversing a ruling of the trial court on an interlocutory order sustaining a motion to quash from which no appeal is permitted by the statute Burns' §4-214, 1946 Re-

placement. Here, again, appellees attempt to raise or present a question not briefed or urged in their brief on appeal nor by any petition or motion prior to their herein petition for rehearing. As before stated, such proposal now comes too late. What we have already said also disposes of specification 9 of the rehearing petition of appellee, Holiday on Ice, and specification 4 of the rehearing petition of appellee, Alvin R. Grant.

The remaining specifications of said appellees' rehearing petitions go only to an iteration of the questions presented and decided on the original submission. Nothing is presented that was not duly considered at the time of the original opinion. We find no expressed cause for granting a rehearing.

We are somewhat distinctly impressed that appellees chanced a favorable outcome of the appeal whilst holding in abeyance their protestations concerning appellant's exemplification of the judgment in his brief.

Rehearing denied.

NOTE.—Reported in 186 N. E. 2d 165. Rehearing denied, 187 N. E. 2d 102. Transfer denied, Jackson, C. J., Myers, J., not participating, Achor, J., dissents as to appellee Holiday on Ice.