HENLINE *v.* TRI-STATE PROMOTIONS, INC. ET AL.

[No. 19,565. Filed November 30, 1962. Rehearing denied January 10, 1963. Transfer denied March 19, 1963. Petition to Reconsider denied April 29, 1963.]

*Bangs & Yates*, and *Donald G. Yates*, of Huntington, for appellant.

*Barrett, Barrett & McNagny, J. A. Bruggeman,* and *Otto E. Grant, Jr.*, all of Fort Wayne, for appellees, Holiday on Ice and Alvin R. Grant.

*Campbell, Livingston, Dildine & Haynie*, of Fort Wayne, for appellee, Tri-State Promotions.

MYERS, J.—This action was brought by appellant to recover damages alleged to have been sustained as the result of appellees' negligence which proximately caused appellant to slip and fall on a public walkway at an arena where appellees were presenting an entertainment called "Holiday on Ice."

A complaint was filed, summons issued and returns made on three of the five named defendants: Tri-State Promotions, Inc., Holiday on Ice and Alvin R. Grant. The other two appellees, Morris Chalfen and George D. Tyson, were not served because the Sheriff could not find them within his bailiwick. Appellees, Alvin R. Grant and Holiday on Ice, appeared specially and each filed a motion to quash the summons for the reason that the summons had been "issued without authority of law," and a motion to quash the return because it "fails to show a valid and proper service."

Appellee, Tri-State Promotions, Inc., entered a general appearance and filed a motion to make more spe-

cific and a motion to strike. No action was taken on these motions, and no question is raised on them in this appeal.

The trial court sustained the motions to quash summonses and the returns thereon and judgment was entered in favor of appellees, Holiday on Ice and Alvin R. Grant. It is from that judgment this appeal is taken.

The error assigned in appellant's assignment of errors is the action of the court in sustaining the motion to quash the summons and the return thereon as to appellees, Holiday on Ice and Alvin R. Grant.

This case is a companion case to one which has been previously heard and decided by this court, namely, *Henline* v. *Tri-State Promotions, Inc., et al.* (Cause No. 19,564, opinion rendered November 21, 1962), 134 Ind. App. 386, 186 N. E. 2d 165. That cause was an action brought by the husband of appellant herein against the same appellees for alleged loss of services, companionship and consortium of appellant, and for expenses of medical, hospital and surgical treatment for appellant sustained by the husband as the result of the fall which is the cause of action alleged by the appellant herein.

Both actions were filed in the Allen Superior Court at the same time. The pleadings, the summonses issued and the returns made, the motions to quash, the rulings of the court and the judgments thereon are, in general, indentical. The briefs on appeal filed by both appellant and appellees in each case are practically identical, and the arguments presented therein on the question of the motions to quash are word for word the same. The only difference in the two cases is in connection with the motions filed by ap-

pellee, Tri-State Promotions, Inc., with which, in this case, we are not concerned.

The sole question presented to us is whether the trial court committed error by sustaining the motions to quash. This court in the husband's case cited above has held error was committed and has reversed the trial court's judgment in connection therewith. We are bound to follow the logic and reasoning of that case. *Varble* v. *O'Neil* (1941), 110 Ind. App. 713, 37 N. E. 2d 280.

Judgment sustaining the several motions of appellees, Holiday on Ice and Alvin R. Grant, to quash the summonses and returns thereon, is hereby reversed, and this cause is remanded for further proceedings consistent herewith.

Cooper, C. J., and Ax and Ryan, JJ., concur.

### ON PETITION FOR REHEARING

KELLEY, J.—The appellees, Alvin R. Grant and Holiday on Ice, have filed their unverified petition for a rehearing.

The grounds relied upon for a rehearing are substantially the same as those specified in their rehearing petition in No. 19564, 134 Ind. App. 386, 186 N. E. 2d 165, 187 N. E. 2d 102. This petition for rehearing must be denied for the same reasons given in the opinion on rehearing in said No. 19564, 134 Ind. App. 386, 186 N. E. 2d 165, 187 N. E. 2d 102.

Rehearing denied.

NOTE.—Reported in 186 N. E. 2d 585. Rehearing denied 187 N. E. 2d 103. Transfer denied, Jackson, C. J.; Achor, J., dissenting as to appellee Holiday on Ice, Myers, J., not participating.